# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD JOSEPH MILLER,<br><br>Plaintiff,<br><br>v.<br><br>GHILARDUCCI, et al.,<br><br>Defendants. | Case No. 1:17-cv-00448-SKO (PC)<br><br>**ORDER STRIKING UNSIGNED COMPLAINT**<br><br>**(Doc. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Mack A. West, Jr., is a state prisoner proceeding *pro se* and *in forma paup*eris in this civil action which he filed on April 14, 2014. (Doc. 1.) However, the Complaint is not signed. (*Id.*) The Court cannot consider unsigned filings and the Complaint shall be stricken from the record for that reason. Fed. R. Civ. Pro. 11; L. R. 131. Plaintiff has thirty days to file a signed complaint and is hereby given both the pleading and legal standards which appear to apply to the claim(s) he is attempting to assert in this action.

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed

1

per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2. **Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 3. **Federal Rules of Civil Procedure 18(a) & 20(a)(2)**

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2);

*Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) does not necessarily make claims related for purposes of compliance with Rule 18(a). Incidents that occurred at different facilities usually violate Rule 18(a) as they do not commonly arise out of the same transactions or occurrences. All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Plaintiff is cautioned that if he fails to make the requisite election regarding which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims will be able to proceed and which will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013). Whether any claims will be subject to severance by future order will depend on their viability.

### C. **Legal Standards**

#### 1. **Retaliation**

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must show that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must show a causal connection between the adverse action and the protected conduct. *Waitson*, 668

4

F.3d at 1114. Fourth, the plaintiff must show that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes,* 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

As set forth above, while Plaintiff need only show facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a protected activity, and the retaliatory conduct must *not* have reasonably advanced a legitimate penological goal. *Brodheim*, 584 F.3d at 1271-72 (citations omitted). Thus, merely showing that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

### 2. **Free Speech**

The Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948); *see also Pell v. Procunier*, 417 U.S. 817, 822, (1974); *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).

"The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration. [The Supreme Court] noted in *Pell v. Procunier*, supra, at 822:

> [A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law.

"In a prison context, an inmate does not retain those First Amendment rights that are 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Pell v. Procunier*, supra, at 822. Prisons, it is obvious, differ in numerous respects from free society. To begin with, they are involuntarily populated by people who have been found to have violated one or more of the criminal laws established by society for its orderly governance. In seeking a "mutual accommodation between institutional needs and objectives (of prisons) and the provisions of the Constitution that are of general application," *Wolff v. McDonnell*, 418 U.S., at 556, the [Supreme] Court has repeatedly recognized the need for major restrictions on a prisoner's rights. *See, e.g.*, *Id.*, 418 U.S., at 561-562; *Lanza v. New York,* 370 U.S. 139, 143 (1962). These restrictions have applied as well where First Amendment values were implicated." *Jones*, 433 U.S. at 129-30 *citing Pell v. Procunier*, supra; *Procunier v. Martinez*, 416 U.S. 396 (1974); *Meachum v. Fano*, 427 U.S. 215 (1976).

### 3. <u>Searches</u>

The Fourth Amendment prohibits only unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); *Byrd v. Maricopa County Sheriff's Office*, 629 F.3d 1135, 1140 (9th Cir. 2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). The Supreme Court has stated that "[e]ven if a warrant is not required, a search is not beyond Fourth Amendment scrutiny; for it must be reasonable in its scope and manner of execution." *Maryland v. King*, --- U.S. ---, 133 S.Ct. 1958, 1970 (2013); *see also Bull v. City and Cnty. Of San Francisco*, 595 F.3d 964, 967 n. 2 (9th Cir. 2010) ("There is no doubt . . . that 'on occasion a security guard may conduct the search in an abusive fashion, and [s]uch an abuse cannot be condoned.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 560, 99 S.Ct. 1861 (1979))). To determine whether an individual search or seizure is reasonable, the "totality of [the] circumstances" must be evaluated. *Missouri v. McNeely*, --- U.S. ---, 133 S.Ct. 1552, 1559 (2013). This encompasses "[1] the scope of the particular intrusion, [2] the manner of its conduct, and [3] the justification for initiating it," *United States v. Cameron*, 538 F.2d 254, 258 (9th Cir.1976), as well as the place in which it is conducted, *Bell*, 441 U.S. at 559 (quotations omitted); *Byrd*, 629 F.3d at 1141; *Bull*, 595 F.3d at 972; *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010); *Michenfelder*, 860 F.2d at 332.

### 4. <u>**Excessive Force**</u>

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). When a prison security measure is undertaken in response to an incident, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 6.

The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Hudson*, 503 U.S. 1. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley* at 321-322 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)).

Moreover, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted). Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment. *Id.*; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). "Injury and force [] are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38, 130 S.Ct. 1175, 1178-79 (2010).

/ / /

/ /

### 5. <u>Supervisory Liability</u>

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985). In this instance, a single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

Further, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. As the Ninth Circuit has held, where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based on the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A fundamental premise of this form of liability requires that the actions or inaction by subordinate staff amount to a cognizable claim for violation of a plaintiff's constitutional rights and that the supervisorial defendant have knowledge of all such conduct

**D. Order**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's complaint is **STRICKEN** from the record for lack of signature;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a signed complaint within a maximum of **twenty-five pages**; and
4. The failure to comply with this order will result in recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **April 11, 2017**          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE